UNITED STATES DISTRICT COURT
**EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| Infotree Service Inc., | |
| | Hon. Judge (presiding) Paul D. Borman |
| Plaintiff v. | Hon. Judge (referral) David R. Grand |
| U.S. Citizenship and Immigration Services | Docket No: 2:18-cv-11231 |
| Defendant | |

**AMENDED COMPLAINT**

Date: July 3, 2018

**JURISDICTION**

1. The Plaintiff, Infotree Service Inc. ("Petitioner" or "Infotree"), is an engineering service company headquartered in Plymouth, Michigan.

2. Defendants are US Government entities.

1

3. The Jurisdiction of this Court is proper because the claims arise under federal law, specifically the Administrative Procedure Act at 5 U.S.C. § 702 and the interpretation of the federal immigration laws.

4. Venue is proper under 28 U.S.C §1391(e) because Plaintiff is located and doing business in this District.

## FACTS

5. Infotree has more than 500 employees in the United States. Infotree is an engineering services company providing services in the areas of industrial engineering, software engineering, automotive engineering, electrical engineering, biomedical engineering and related fields.

6. On April 3, 2017 Infotree filed an H-1b for its U.S. employee: Shravan Jagdish Naidu for a full time position as a Product Engineer with receipt number: WAC1713352351.

7. USCIS issued a RFE on or about August 19, 2017 to which the petitioner responded on September 27, 2017 with the following evidence:

    a. Expanded Position description letter
    b. Employment offer letter. Please note that this letter was executed more than a year before this petition was filed.
    c. Employment agreement – demonstrating the creation of the employee-employer relationship
    d. Confirmation letter from John Deere which confirmed Infotree's responsibilities are the employer
    e. Work order between Infotree and John Deere.

    f. Organizational chart which shows the beneficiary's supervisory chain

    g. 2 Recent, detailed performance reviews which demonstrate Infotree's supervision and control over the beneficiary.

8. After an unreasonable delay of more than 10 months in total processing time, Infotree upgraded the petition to premium processing on February 9, 2018 by submitting a payment of $1,225. Submission of the form and payment of the filing fee requires the service to grant a decision within 15 calendar days.

9. The petition was denied on February 22, 2018 on the supposed basis that there was no employer-employee relationship, and for the first time, raised the allegation that the position was not a specialty occupation as defined at 8 CFR 214.2(h)(4)(iii)(A)(1-4).

## USCIS failed to Follow the Plain Meaning of the Regulation Defining "Employer"

10. Plaintiffs incorporate paragraphs 1 to 9.

11. Section 8 C.F.R. § 214.2(h)(4)(ii)(2) defines a "United States employer" as one who "has an employer-employee relationship with respect to employees, as indicated by the fact that it may **hire, pay, fire, supervise, or otherwise control** the work of any such employee . . . ." (Emphasis added). The plain language clearly provides five criteria: 1) hire; 2) pay; 3) fire; 4) supervise; or 5) otherwise control.

3

12. It is well established that if the language of a statute or regulation is plain, the courts must enforce it according to its terms, *Caminetti v. United States* 242 U.S. 470 (1917).

13. Clearly, the evidence submitted overwhelmingly demonstrates Infotree is the employer as evidenced by the **hiring, paying, supervising** authority Infotree has maintained since hiring the beneficiary.

14. Contrary to what the California (CSC) has alleged, the record overwhelmingly demonstrates that Infotree is the employer by any standard.

15. Therefore, it is arbitrary and capricious when USCIS denied the petitions on the grounds that the petitioner is not the employer which in fact already hired, paid and assigned the beneficiary and the client – John Deere specifically confirmed that Infotree retained all rights to employment control.

**The Denial Failed to Apply the Proper Standard of Proof.**

16. Plaintiffs incorporate paragraphs 1 to 15.

17. The evidentiary standard is a preponderance of the evidence. This is clear and undisputed from agency guidance, memorandum and controlling legal precedent.

18. The denials assumed facts entirely unsupported by the record, such as:

    a. The petitioner is "an IT services staffing company which, it appears, does not produce any software product of its own," when in fact Infotree is an engineering services company and does not engage in IT staffing.

    b. The end client documentation did not: "provide any details with regard to the services to be performed, nor does it substantiate the end client has authorized the beneficiary to provide service during the intended period of employment" *Denial page 3*. However, the confirmation letter from John Deere clearly confirms the work location, title and Infotree's role as the sole employer. The letter specifically states:

        - Infotree Service Inc. and not John Deere has the right to control the terms, conditions and nature of Shravan Jagdish Naidu's employment with Infotree Service Inc.
        - Infotree Service Inc. hired Shravan Jagdish Naidu
        - Infotree Service Inc. determined whether Shravan Jagdish Naidu possessed the required education, skills and training for the position
        - Infotree Service Inc. determines whether to expand, reduce or modify Shravan Jagdish Naidu's duties/responsibilities.
        - Infotree Service Inc. determines Shravan Jagdish Naidu's salary and eligibility for increases.
        - Infotree Service Inc. pays Shravan Jagdish Naidu's salary
        - Infotree Service Inc. pays Shravan Jagdish Naidu's benefits
        - Infotree Service Inc. possesses sole and unilateral right to supervise discipline and discharge Shravan Jagdish Naidu

- Shravan Jagdish Naidu is Infotree Service Inc.'s employee for all federal and state tax and employment purposes
- To the extent required, Infotree Service Inc. has the right to control Shravan Jagdish Naidu's work on a day-to-day basis.
- Infotree Service Inc. supervises Shravan Jagdish Naidu directly through staff from Infotree Service Inc. who provides supervision remotely and who travel to John Deere offices as needed
- Shravan Jagdish Naidu does not receive performance reviews from John Deere directly; rather, any reviews are conducted by Infotree Service Inc. managers. In these and other areas, Infotree Service Inc.'s relationship with the beneficiary is that of employer-employee.

c. The denial contains the erroneously claims that it was unable to contact the signee. In fact the letter states that questions should be directed to Infotree Service. Referencing the confirmation letter from John Deere, CSC claims: "Additionally, the final sentence of the letter reads 'should you require further information from John Deere, please contact Infotree Service Inc.' As such, USCIS is unable to contact the signee to confirm the letter's authenticity." *Denial page 3.*

19. A review of the record shows that the evidence submitted by the Petitioner contradicts each of these erroneous assertions and assumptions.

20. Considering the evidence submitted, it is obvious that the Petitioner has at least more than 51% control over the beneficiary, thus qualified as

6

employer; however, USCIS ignored and/or overlooked the evidence submitted in favor of an unsupported conclusion.

**USCIS Failed to Apprise Infotree of Its Intent to Deny on the Basis of Specialty Occupation and Failed to Apply the Proper Standard Based on the Plain Language of the Regulations.**

21. Plaintiffs incorporate paragraphs 1 to 20.

22. USCIS alleged that the position offered by Infotree, that of a Product Engineer – classified as a Software Developer, Systems Software, is not a specialty occupation.

23. This issue was raised for the very first time in the denial. Contrary to 8 CFR103.2 (b)(16)(i) which requires that the petitioner be notified prior to an adverse decision, and be given the opportunity to rebut if the information is unknown to the petitioner, and USCIS must allow time for a rebuttal.

24. Specialty occupation is defined by Section 205(c)(2) of IMMACT 90, which provides the current definition of a "specialty occupation" in Section 214(i) of the INA:

> (1) For purposes of section 101(a)(15)(H)(i)(b) and paragraph (2), the term "specialty occupation" means an occupation that requires–
> (A) theoretical and practical application of a body of highly specialized knowledge, and

(B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States.

25. Regulations at 8 CFR § 214.2(h)(4)(iii)(A) provide a four-prong standard to prove specialty occupation:

> To qualify as a specialty occupation, the position must **meet one** of the following criteria:
> (*1*) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;
> (*2*) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;
> (*3*) The employer normally requires a degree or its equivalent for the position; *or*
> (*4*) The nature of the specific duties is so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree (Emphasis added).

26. The evidence of the record convincingly demonstrates that this petition has met each and every one of the 4-prong standards according to the regulations cited above, even though only one is required to show a specialty occupation because: 1. A bachelor's degree in Software Engineering, Computer Science or a related field is the normal minimum requirement for entry to the occupation according to the Department of Labor's Occupational Outlook Handbook ("OOH"); 2. It is an industry standard to require a bachelor's degree in Software Engineering, Computer

8

Science or a related field for the position of a Software Engineer/Developer; 3. Infotree, with more than 500 employees in the United States, always requires a bachelor's degree for all Software Developer/Engineer or similar positions. 4. A review of the duties for each of the H1b petitions will demonstrate that they are so complex, that by their nature they require a bachelor's degree in Software Engineering, Computer Science or a related field.

27. Plaintiff has met the statutory and/or regulatory requirements as a qualified employer and the nature of this occupation and the complexity of these job duties render the position a specialty occupation based on the proper standard of preponderance of evidence.

28. The denial attempts to invent a new or novel requirement, based on an unsupported assumption, where the existence of a specialty occupation is somehow determined by the "end client" or "actual employer," rather than recognizing that Infotree is the employer with a valid offer for full time employment that has been accepted by the beneficiary; creating a valid employee-employer relationship.

29. USCIS ignored the definition of the specialty occupation provided by 8 CFR § 214.2(h)(4)(iii)(A) when it invented a new and novel criterion and thereby its action constitutes an abuse of discretion.

## **CONCLUSION**

WHEREFORE, Plaintiffs respectfully request this Court:

1. Enter an order directing USCIS to grant these petitions;

2. Award reasonable attorney fees;

3. Any further relief which the court may deem appropriate.

Respectfully submitted, this day July 6, 2018,

s/ Luke Bowman
(CA277175)
The Law Offices of Luke Bowman
7934 Howard Street
Whitmore Lake, MI 48189
Tel: (810) 522-5405
e-mail: luke@lukebowmanlaw.com

**Certificate of Service**

      I hereby certify that on July 6, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the named defendants. I will send a copy of the Complaint and Summons, upon its electronic issuance by the Court, via Certified Mail with Return Receipt Requested to the following parties:

Jefferson Sessions, Attorney General
Office of the Attorney General
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

Daniel L. Lemisch, US Attorney
United States Attorney's Office
211 W. Fort Street, Suite 2001
Detroit, MI 48226

L. Francis Cissna, Director
U.S. Citizenship and Immigration Services
425 I Street, NW
Washington, DC 20536

                                            s/ Luke Bowman
                                            (CA277175)
                                            The Law Offices of Luke Bowman
                                            7934 Howard Street
                                            Whitmore Lake, MI 48189
                                            Tel: (810) 522-5405
                                            e-mail: luke@lukebowmanlaw.com